JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CYNTHIA SCHAMA AND JOSEF SCHAMA

## DEFENDANTS
PARK CITY BUSINESS TRUST, GENERAL GROWTH PROPERTIES, PLAYTIME CREATIONS, BROOKFIELD PROPERTY

**(b)** County of Residence of First Listed Plaintiff: BERGEN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: LANCASTER
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RICHARD T. CURLEY/LAW OFFICES OF RICHARD T. CURLEY, PC
50 E. PHILADELPHIA AVE
BOYERTOWN, PA 19512   610 367-4401

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 28 U.S.C. §1332
Brief description of cause: PERSONAL INJURY

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 14 Jan 2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Richard T. Curley

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 146 Lozier Ave  Emerson NJ 07630-1040

Address of Defendant: Park City Business Trust 110 North Wacker Drive Chicago, Illinois 60606 and 110 North Wacker Drive Chicago, Illinois 60606 and 8480 Upland Drive, Suite 100 Englewood, CO 80112

Place of Accident, Incident or Transaction: 142 Park City Center, Lancaster, PA 17601

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 14 Jan 2019    _/s/ Richard T. Curley_    PA 48157
                       Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [✓] Other Personal Injury *(Please specify):* Fall
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Richard T. Curley, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _/s/ Richard T. Curley_    PA 48157
       Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Cynthia Schama and Josef Schama | : | CIVIL ACTION |
| v. | : | |
| Park City Business Trust et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| 01/14/2019 | Richard T. Curley | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610 367-4401 | 610 367-4405 | tim.curley@curleylawpc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

Cynthia Schama and Josef Schama h/w
146 Lozier Ave                                     CIVIL ACTION-LAW
Emerson NJ 07630-1040

    Vs.

Park City Business Trust
110 North Wacker Drive
Chicago, Illinois 60606            :         Civil Action      No

    and   :

General Growth Properties/ GGP, Inc           :
110 North Wacker Drive
Chicago, Illinois 60606                      JURY TRIAL DEMANDED

    and

Playtime Creations, Inc
8480 Upland Drive, Suite 100
Englewood, CO 80112

    and

Brookfield Property REIT, Inc.
350 North Orleans
Suite 300
Chicago, IL 60654-1607

    Defendants

## COMPLAINT

1. Plaintiffs are Cynthia (hereinafter on occasion "Cindy Schama") and Josef Schama, *sui juris*, a wife and husband maintaining their primary residence at 146 Lozier Avenue, Emerson NJ, 07630-1040.

2. Defendant is Park City Center Business Trust, on information and belief at certain relevant times a subsidiary of General Growth Properties/GGP, Inc., with a principal place of business at 110 North Wacker Drive, Chicago IL 60606.

3. Defendant is Brookfield Property REIT, Inc., on information and belief an Illinois corporation, a successor in interest to General Growth Properties/GGP, Inc. as of a point in time in 2018, and a principal place of business at 350 North Orleans, Suite 300, Chicago IL 60654-1607, and on information and belief a subsidiary of Brookfield Property Partners, with a principal place of business at the same location.

4. Defendant is Playtime Creations, Inc., on information and belief a Colorado corporation, located now or recently in the state of Colorado, with a principal place of business 8480 Upland Drive, Suite 100, Englewood, Colorado 80112.

5. This Court has proper jurisdiction for this action under 28 U.S.C. section 1332, providing for the jurisdiction over actions where there is diversity of citizenship of the parties.

6. This Court is the proper venue for the action at bar, insofar as Lancaster County, PA, as the site of the accident that gives rise to the cause of action is located within the Eastern District of Pennsylvania, as more specifically alleged below.

7. The amount in controversy exceeds the arbitration requirements set by local rule.

## COUNT I
## NEGLIGENCE

8. Plaintiffs hereby incorporate each and all of the averments set forth above in paragraphs 1 through 7, inclusive, of this Complaint.

9. On January 17, 2017, Plaintiffs Cindy and Josef Schama were, along with their minor grandchild, business invitees at the publicly accessible play area of the Park City Mall and properly in the play area at all times relevant to the action at bar.

10. Defendants, and each of them, either owned, designed, installed, maintained and/or were otherwise responsible for the play area at the Park City Center Mall located at 142 Park City Center, Lancaster, Lancaster County, PA, which is and was at all relevant times a public location operated as part of a for-profit enterprise.

11. Alternatively, Defendants, and each of them, through their agents, servants and/or employees, either owned, designed, installed, maintained and/or were responsible for the play area at the Park City Mall identified above, where Plaintiff suffered the accident at issue in the matter at bar.

12. As a result of the ownership, design, installation and/or maintenance of the property in question, Defendants directly or through their agents, servants, employees and the doctrine of *respondeat superior* for each and all of those entities, are liable to Plaintiffs for the injuries suffered by Plaintiff Cindy Schama.

13. On January 15, 2017, Plaintiff Cindy Schama was a business invitee of the owners and operators of the Park City Center Mall, and was walking with her young granddaughter in the play area which was publicly accessible and a proper area for her to be walking with her granddaughter.

14. On that date and at that location, Plaintiff Cindy Schama was caused to fall by a negligently designed, placed and/or maintained piece of entertainment equipment, causing her to fall violently, and suffer severe injuries to her body, including her nerves, muscles, bones, tendons and ligaments, and causing her to undergo surgical and physical therapy treatment for extended time, as well as the potential need for additional surgery and subsequent rehabilitation, which has been recommended for her.

15. The risks to Plaintiff posed by the actions and omissions set forth below were reasonably foreseeable to Defendants, and each of them, and in the exercise of due care would have been avoided.

16. Defendants, and each of them are liable to Plaintiff for her injuries due to:

    (a) a failure to warn her of the danger of the impediment to her safe walking, as well as the risk to her safety;
    (b) Failure to safely design the area where business invitees, such as Plaintiff Cindy Schama was walking, and where business invites similarly situated would be reasonably expected to be walking;
    (c) Failure to inspect the condition of the area where Plaintiff Cindy Schama, and similarly situated business invitees would be reasonably expected to be walking;
    (d) Failure to maintain and remediate the unsafe condition of the area where Plaintiff Cindy Schama was walking and where business invitees similarly situated would be reasonably expected to be walking
    (e) Otherwise failing to use due care in the design, installation, maintenance and remediation of the area, the particulars of which will be revealed through continuing investigation, discovery and trial of this action.

17. Defendants, and each of them, are liable to Plaintiff since solely as a direct and directly caused result of the above alleged negligent acts and omissions, Plaintiff has sustained serious and permanent injuries requiring the surgical and therapeutic care alleged elsewhere in this Complaint.

18. Defendants and each of them knew, or in the exercise of due diligence and compliance with the applicable standards of care in the design, installation, maintenance and remediation of the defects in those aspects, as well as the failure to properly warn Plaintiff and those similarly situated of the risk to them, should have known of the risks and the defects of the play area in question.

19. Plaintiff Cindy Schama has been prevented from completely and properly engaging in the performance of her daily activities, duties, responsibilities and avocations, due to the injuries suffered in the fall, the surgical interventions, the physical therapy and its aftermath, resulting in pain, suffering, loss of function, inconvenience, expense, emotional and mental distress, each and all of which is directly due to the actions and omissions of Defendants, and each of them.

20. Plaintiff Cindy Schama has incurred and will in the future incur medical expense as a direct result of the injuries suffered directly as a result of the actions and omissions of Defendants and each of them.

21. Plaintiff Cindy Schama has incurred in excess of seventy two thousand dollars to date of medical and therapeutic care bills as a direct result of the surgeries, treatment and modalities that she has undergone as a direct result of the fall that she suffered from and directly as a result of the actions and omissions of Defendants and each of them. Moreover, Plaintiff Cindy Schama is reasonably and appropriately expected to incur additional medical and therapeutic expense as a direct result of the foreseeable medical, surgical and therapeutic care that has been recommended to her by her treating physicians. In addition, Plaintiff Cindy Schama has suffered pain, scarring, restriction and loss of motion, extended inconvenience and discomfort, mental and physical shock, emotional distress and restriction of her ability to perform her employment related activities, all of which are unliquidated damages in excess of the local rule arbitration requirement.

WHEREFORE, Plaintiffs Cynthia and Josef Schama demand judgment in their favor and against Defendants and each of them, jointly and severally, in an unliquidated amount in excess of the rules requiring arbitration under Eastern District of Pennsylvania Rule 53.2, together with costs of litigation and damages for delay.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND LOSS OF CONSORTIUM

22. Plaintiffs hereby incorporate each and all of the averments set forth above in paragraphs 1 through 21, inclusive, of this Complaint.

23. Plaintiff Josef Schama directly witnessed the fall caused to Plaintiff Cindy Schama and was caused emotional distress by the negligent actions and omissions of Defendants, and each of them, as more specifically described elsewhere in this Complaint.

24. Further, Plaintiff Josef Schama is husband of Plaintiff Cindy Schama, and has been directly injured by the loss of consortium, services and society of his wife, and caused financial expense concurrently with his wife, as a direct result of the actions and omissions of Defendants, and each of them as more specifically described elsewhere in this Complaint.

WHEREFORE, Plaintiffs Cynthia and Josef Schama demand judgment in their favor and against Defendants, and each of them, jointly and severally, in an unliquidated amount in excess of the rules requiring arbitration under Eastern District of Pennsylvania Rule 53.2, together with costs of litigation and damages for delay

Respectfully Submitted:

LAW OFFICES OF RICHARD T. CURLEY, P.C.

By: _____

RICHARD T. CURLEY